UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 15-cr-20418

v                                                Honorable Thomas L. Ludington

GEORGE HOWARD MANDOKA,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE JAIL RECORDING

### I.

On July 8, 2015 an indictment charged Defendant George Howard Mandoka with the following five counts: (1) aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c), 1151 and 1153; (2) Sexual abuse in violation of 18 U.S.C. §§ 2242(2), 1151 and 1153; (3) Sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 1151 and 2252; (4) Abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5), 1151, and 1153; and (5) Abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(2), 1151 and 1153. All counts arose from Mandoka's conduct with a single victim, B.J.

A detention hearing was held on July 14, 2015. During that hearing, the Government noted that the charges against Mandoka created a presumption in favor of detention. The Government then argued that Mandoka presented a continuing danger to the public. In support of that argument, the Government noted that Mandoka was charged with assaulting a minor-victim countless times over a period of approximately seven years, beginning when the victim was 10 years old and Mandoka was 30 years old. The Government also noted that Mandoka had

four prior convictions for other crimes involving violence. Finally, the Government claimed that Mandoka had sexually assaulted other victims, including an unnamed child from 1988 to 1992, over a four year time span. The Government alleged that a superseding indictment for that conduct was forthcoming. Ultimately the Court agreed with the Government and concluded that Mandoka had not rebutted the presumption in favor of detention. The Court therefore found that Mandoka should be detained pending trial.

Following the detention hearing, Mandoka placed a phone call from the jail. During that call, Mandoka allegedly stated the following:

> "All that other shit that they were talking about in there, that they were reading, that was Jackie and Aaron. Remember that shit that happened on the Fourth of July, like a long time ago? Lisa, I went to jail that night."

This conversation was recorded by the jail.

Subsequently, on July 22, 2015 a superseding indictment was issued charging Mandoka with a sixth count of sexual abuse against a different victim, J.G., in violation of 18 U.S.C. §§ 2242(2), 1151 and 1153.

**II.**

On November 9, 2015 Mandoka filed the present motion to exclude the jail phone recording under Federal Rule of Evidence 403. Under Federal Rule of Evidence 403, a Court may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. "The admission or exclusion of evidence under Rule 403 is within the sound discretion of the trial court." *United States v. Reynolds*, 762 F.2d 489, 494 (6th Cir. 1985). The Government argues that Mandoka's statement should be admitted because it is highly probative of his guilt. Mandoka argues that the statement is not

probative of his guilt, but instead shows only that he was aware of the prior accusations made against him.

Defendant Mandoka is correct. The evidence, without more, does not establish that Mandoka's statement was based upon his personal knowledge of either the accusations against him or the events underlying those accusations. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Instead, the statement establishes only that Mandoka knew of accusations against him and that he went to jail on a previous Fourth of July. The jail recording thus has limited relevance and reliability, and, as such, the probative value of the jail recording is small. On the other hand, the danger of unfair prejudice is significant as a jury could easily misconstrue the statement as an admission of guilt. Because the danger of unfair prejudice substantially outweighs any probative value of the recording, Mandoka's motion to exclude will be granted and the July 14, 2015 jail recording will be excluded.

### III.

Accordingly, it is **ORDERED** that Defendant Mandoka's motion to exclude jail phone recordings, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that the July 14, 2015 jail phone recording is **EXCLUDED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: January 6, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager