UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE HOWARD MANDOKA,

    *Petitioner*

v.

UNITED STATES OF AMERICA,

    *Respondent.*

_____/

CRIM. CASE NO: 1:15-cr-20418
CIV. CASE NO.: 1:22-cv-12538
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
and RESPONDENT'S MOTION TO DISMISS PETITIONER'S
MOTION UNDER 28 U.S.C. 2255**
**(ECF Nos. 68, 73)**

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion (ECF No. 68) be **DENIED** and that Respondent's motion to dismiss (ECF No. 73) be **GRANTED.**

## II. REPORT

### A. Introduction

Petitioner George Howard Mandoka's 28 U.S.C. § 2255 motion to vacate his prison sentence (ECF No. 68) and Respondent's motion to dismiss (ECF No. 73) are before the Court under an order of reference from United States District Judge Thomas L. Ludington. (ECF Nos.71, 74.)

On October 21, 2022, Petitioner George Howard Mandoka ("Petitioner" or "Mandoka") filed the instant motion to vacate. (ECF No. 68.) Petitioner was convicted of all counts charged by jury verdict on June 23, 2016. (ECF No. 50.) The convictions included sexual abuse (Count 2), aggravated sexual abuse (Counts 1, 7, 8), sexual abuse of a minor (Counts 3,9), and abusive sexual contact. (Counts 4, 5.) Judgment entered on September 27, 2016, and Petitioner was sentenced to life imprisonment on Counts 1, 2, 4, 7 and 8, and to 15 years on Counts 3 and 9, and to 3 years on Count 5, to be served concurrently. (ECF No. 54, PageID.224.) Petitioner filed an appeal and on August 24, 2017, the Sixth Circuit entered an opinion affirming Petitioner's conviction. (ECF No. 62.) Mandate issued on September 15, 2017. (ECF No. 63.)

**B.     Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488

(6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent exceptional circumstances. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will

3

actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

4

### C.  Analysis and Conclusions

#### 1. Untimeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f).  It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.)  When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, i.e., one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.* If a petition for writ of certiorari is filed with the United States Supreme Court, "a conviction becomes final for purposes of triggering the one-year limitations

5

period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such petition is denied." *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005).

Since Petitioner's motion was filed more than four years after the Sixth Circuit issued its mandate, the Petition is untimely.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the untimeliness of his § 2255 motion. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The exception is rare and this gateway "should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial…whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id*. (citations omitted). Petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Here, Petitioner offers no new evidence, no exculpatory evidence, no physical evidence, and no eyewitness accounts. Petitioner argues only that he is actually innocent because "the allegations were made up as a means of retaliation because Mandoka left his wife and the Mother and Aunt to the alleged victims." (ECF No. 68, PageID.480.) This conclusory allegation does not even come close to the standards required to open the gateway to review. Accordingly, I suggest his petition could be denied as untimely without any further review.

### 2. Alleged ineffective assistance

Even if the court found the underlying claims should be reviewed, the result would be the same. Petitioner contends that counsel was ineffective because he failed to investigate and present a defense (ECF No. 68, PageID.504), failed to object to witnesses being "improperly coached to provide testimony in order to save government's case," and failed to object to 413 evidence "which led to unfair surprise in an improper verdict based on an emotional response and extremely prejudicial testimony with little or no probative value." (ECF No. 68, PageID.497.) Petitioner also mentions that counsel indicated he would file a writ of certiorari and Habeas 2255 but did not. (ECF No. 68, PageID.479, 485.)

Finally, Petitioner contends the government failed to prove subject matter jurisdiction because "the sight [sic] of the alleged offenses were not on reservation." (ECF No. 68, PageID.482.) Petitioner bases this on the fact that he was not living on the reservation at the time of the allegations, noting that the government dismissed Count 6 for this reason but should have dismissed others (ECF No. 68, PageID.507), even though none of the remaining counts involved the same victim as alleged in Count 6. (See, ECF No. 50.)

This federal court prosecution rested on the fact that the crimes charged were major crimes that occurred within Indian country under 18 U.S.C.§ 1151, 11533. See, e.g., *United States v. Loera*, 952 F. Supp. 2d 862, 874 (D. Ariz. July 1, 2013) (major crimes include sexual assault and incest, assault against a person who has not attained 16 years

of age); *United States v. Sloan*, 2021WL 6498192, at *4 (D. Ariz. July 13, 2021). Petitioner does not argue that the crimes charged were not major crimes but rather contends that he was not living on the reservation at the time the victim referenced in Count 6 was alleged to have been sexually assaulted. However, as noted above, Count 6 was dismissed by the government and none of the remaining charges and convictions involved the same victim who was named in Count 6 so this argument fails. Even if Petitioner's argument can be read to allege a broader concern, as the government notes, Petitioner stipulated that the offense occurred within Indian Country, i.e., the Isabella reservation. (ECF No. 58, PageID.258.) Petitioner is bound by his stipulation that the remaining alleged crimes occurred in Indian country. *United States v. Sloan*, 2021 WL 6498192, at *31 (D. Ariz. July 13, 2021)(federal courts uphold parties' stipulations as to elements of §1153). I therefore recommend that Petitioner's motion be denied as to this ground.

    Petitioner's arguments regarding counsel's failures fare no better. Petitioner also contends that counsel was ineffective because he failed to investigate and present a defense (ECF No. 68, PageID.504), failed to object witnesses being "improperly coached to provide testimony in order to save government's case," and failed to object to Fed.R.Ev. 413 evidence "which led to unfair surprise in an improper verdict based on an emotional response and extremely prejudicial testimony with little or no probative value." (ECF No. 68, PageID.497.) Petitioner also mentions that counsel indicated he would file a writ of certiorari and Habeas 2255 but did not. (ECF No. 68, PageID.479, 485.)

8

Petitioner's counsel raised the Rule 413 issue and the corresponding unfair prejudice issue with the Sixth Circuit but the Sixth Circuit found the issue lacked merit. (ECF No. 62, PageID.454-459). Petitioner "cannot use a §2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons, supra; Lossia, supra.* Therefore, this claim lacks merit.

As to the alleged lack of zealousness of trial counsel, it should be noted that counsel filed several pretrial motions, one to exclude Rule 404(b) evidence (ECF No. 41) and a motion to dismiss Count 6 (ECF No. 44) which was granted in part. (ECF No. 45.) Review of the trial transcripts reveals that counsel was prepared and zealous, counsel cross-examined witnesses about the bases for their testimony and potential bias, counsel called witnesses for the defense, moved the court to dismiss the case under Rule 29, and presented a defense theory of the case. (ECF Nos. 57, 58, 59.). Counsel's performance met the bar. Therefore, Petitioner cannot show counsel was ineffective at trial. As to Petitioner's fleeting statements that counsel indicated he would file a § 2255 motion for him or seek a writ of certiorari, it is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). Accordingly, no constitutional error could have occurred here.

I therefore recommend that the petition be denied and that Respondent's motion be granted.

### D.   Evidentiary Hearing

Section 2255 states that

9

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

### E. Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion (ECF No. 68) and granting Respondent's motion (ECF No. 73.).

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party

11

may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 15, 2022

s/ Patricia T. Morris
Patricia T. Morris
United States Magistrate Judge